IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH E. ORYSZAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07-cv-01141 |
| | ) |
| MARK SULLIVAN, Director, United States Secret Service, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS

The defendant, Mark Sullivan, the Director of the United States Secret Service, respectfully moves this Court to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or, in the alternative, for failure to state a claim pursuant to Rule 12(b)(6) of those Rules. In her complaint, the plaintiff, Sarah E. Oryszak, seeks review under the Administrative Procedure Act ("APA") of the revocation of her security clearance. Review is precluded under the APA, however, if an agency action is committed to agency discretion by law. The determination whether to grant or to revoke a security clearance is committed by law to the discretion of the Executive Branch; accordingly, this court lacks jurisdiction to engage in the review that Ms. Oryszak seeks.

## Background

The facts, as alleged in the complaint, are as follows. Before June 17, 2007, Ms. Oryszak was employed as a Special Agent with the Secret Service. Compl., ¶ 4. She

held a Top Secret security clearance. Compl., ¶ 11. In September of 2006, the Secret Service revoked her security clearance. Compl., ¶ 29. Ms. Oryszak sought review of that determination within the agency. Compl., ¶ 29. In January of 2007, the Secret Service provided her with a Notice of Review, which stated its determination to uphold the revocation of her security clearance. Compl., ¶ 30. Ms. Oryszak pursued an appeal of that determination with the agency's Security Appeals Board. Compl., ¶ 31. In May of 2007, the Board upheld the revocation of her security clearance. Compl., ¶ 32.

The possession of a Top Secret security clearance is an essential requirement of the position of a Special Agent. Compl., ¶¶ 4, 34. Because Ms. Oryszak could not satisfy the requirements for her position after the revocation of her security clearance, the Secret Service terminated her employment. Compl., ¶¶ 4, 34.

Ms. Oryszak now brings this action, which she alleges arises under the APA. She asserts that the agency's decision to revoke her security clearance is not supported by substantial evidence. Compl., ¶ 37. She seeks an order reinstating her security clearance and her employment, and an award of back pay and benefits. Compl., p. 9. As will be explained below, this court lacks the jurisdiction to award her such relief, as the decision whether a person may have access to sensitive information is committed by law to the Executive Branch, not to the courts.

### **Argument**

The Administrative Procedure Act provides for review of final agency actions, but it specifies that such review is not available to the extent that "agency action is committed

to agency discretion by law." 5 U.S.C. § 701(a)(2).  This preclusion of judicial review applies, and the court lacks jurisdiction, where "in a given case there is no law to apply," such as in a case where "a court would have no meaningful standard against which to judge the agency's exercise of discretion."  *Webster v. Doe*, 486 U.S. 592, 599-600 (1988).  The grant or denial of a security clearance to a particular person is a paradigmatic example of the sort of case in which the courts lack any meaningful standards by which it could second-guess the decision of the Executive Branch.  Because such a decision is committed by law to the Executive Branch, the courts lack jurisdiction to review that decision.

     The President has "the authority to classify and control access to information bearing on national security and to determine whether an individual is sufficiently trustworthy to occupy a position in the Executive Branch that will give that person access to such information."  *Department of Navy v. Egan*, 484 U.S. 518, 527 (1988).  His authority to do so is derived from his power as the Commander-in-Chief of the Army and Navy of the United States, *see* U.S. Const., art. II, § 2, and thus is not dependent on any congressional grant.  *Egan*, 484 U.S. at 527.  In a series of executive orders, several Presidents have exercised this constitutional prerogative, and have delegated to the various executive agencies the authority to gather, protect, or create information bearing on national security, as well as the authority to determine which persons will have access to such information.  *See Egan*, 484 U.S. at 527-28 (discussing history of Presidential control over sensitive information).

In Executive Order 12,968, 60 Fed. Reg. 40,245 (Aug. 2, 1995), the President reiterated the delegation by previous Presidents to the executive agencies of his authority to grant or to deny access to sensitive information.  *See also* Exec. Order 10,865, 25 Fed. Reg. 1583 (Feb. 20, 1960).  He specified, however, that eligibility for access to classified information should be granted only where such access would be clearly consistent with national security, and that any doubt should be resolved in favor of national security.  Exec. Order 12,968, ¶ 3.1(b).  The order provides – as a matter of executive grace – certain procedures that a person could pursue if his application for a security clearance is denied, or if his security clearance is revoked.  As a general matter, such an applicant may receive a written explanation of the reasons for the decision, and an opportunity to seek internal agency review of that decision.  *Id.*, ¶ 5.2(a).  If that review is also adverse to the applicant, he may appeal that determination to a panel appointed by the head of the relevant agency.  *Id.*  That panel's decision, or the decision of the agency head, is final.  *Id.*  In establishing these procedures, the President specified that the order was intended only to improve the internal management of the Executive Branch, and that therefore his order did not create any right to administrative or judicial review of the agency's determination whether to grant a person access to sensitive information.  *Id.*, ¶ 7.2(e).

The Secret Service, exercising this delegation of the President's authority, followed the procedures specified in Executive Order 12,968, and determined that it would not be clearly consistent with national security for Ms. Oryszak to continue to hold a security clearance.  This determination was committed to the discretion of the Executive

Branch by law, and thus is not reviewable by this court.  Although there is a general presumption favoring judicial review, that presumption "runs aground when it encounters concerns of national security, as in this case, where the grant of security clearance to a particular employee, a sensitive and inherently discretionary judgment call, is committed by law to the appropriate agency of the Executive Branch."  *Egan*, 484 U.S. at 527; *see also Weber v. United States*, 209 F.3d 756, 759-60 (D.C. Cir. 2000) ("the general presumption of reviewability of agency action does not apply to security clearance determinations").

This rule – that security clearance determinations, such as the Secret Service's decision to revoke Ms. Oryszak's clearance, are unreviewable – flows necessarily from the difference in institutional capacities between the Executive and Judicial Branches:

> For reasons too obvious to call for enlarged discretion, the protection of classified information must be committed to the broad discretion of the agency responsible, and thus must include broad discretion to determine who may have access to it.  Certainly, it is not reasonably possible for an outside nonexpert body to review the substance of such a judgment and to decide whether the agency should have been able to make the necessary affirmative prediction [*i.e.*, that there would not be a risk that the applicant would compromise sensitive information] with confidence.  Nor can such a body determine what constitutes an acceptable margin of error in assessing the potential risk.

*Egan*, 484 U.S. at 529 (internal citation omitted).

Because there is no meaningful standard that a court could formulate to second-guess an agency's decision to grant or to withhold a security clearance, that decision is committed by law to the Executive Branch.  *See Webster*, 486 U.S. at 599-600; *see also*

*U.S. Information Agency v. Krc*, 905 F.2d 389, 396-97 (D.C. Cir. 1990) (APA review is not available for revocation of security clearance).  Accordingly, the courts have consistently followed *Egan*, and have held that they are precluded from reviewing the merits of an agency's security clearance determinations.  *See Bennett v. Chertoff*, 425 F.3d 999, 1001 (D.C. Cir. 2005); *Ryan v. Reno*, 168 F.3d 520, 524 (D.C. Cir. 1999); *Boykin v. England*, 2003 WL 21788953, at *4 (D.D.C. July 16, 2003).

Ms. Oryszak's complaint seeks such a review of the merits of the decision to revoke her security clearance.  She claims that she is entitled to relief because the decision against her was not supported by substantial evidence, and that the agency should instead have found that it would be consistent with national security for her to continue to possess a security clearance.  This is precisely the sort of review that is foreclosed under *Egan*.  The action of which Ms. Oryszak complains is committed to agency discretion by law, and her complaint seeking review of that decision under the APA should be dismissed for lack of subject matter jurisdiction.  In the alternative, her complaint does not allege a valid cause of action under the APA, and it should be dismissed for failure to state a claim.[1]

---

[1] In addition, the APA permits only "relief other than money damages."  5 U.S.C. § 702.  Ms. Oryszak seeks back pay and benefits as one form of relief.  The APA does not vest this Court with jurisdiction to award such relief, in the absence of a claim that the plaintiffs is seeking a specific *res*, such as pay due for work already completed.  *See Hubbard v. EPA*, 982 F.2d 531, 533 & n.4 (D.C. Cir. 1992); *M.K. v. Tenet*, 99 F. Supp. 2d 12, 24-25 (D.D.C. 2000), *reconsideration granted in part on other grounds*, 196 F. Supp. 2d 8 (D.D.C. 2001).

**Conclusion**

    For the foregoing reasons, defendant's motion to dismiss should be granted, and this action should be dismissed.

Dated: September 20, 2007        Respectfully submitted,

                                    PETER D. KEISLER
                                    Assistant Attorney General

                                    JEFFREY A. TAYLOR
                                    United States Attorney

                                    _/s/ Joel McElvain_
                                    SUSAN K. RUDY, D.C. Bar # 369112
                                    JOEL McELVAIN, D.C. Bar # 448431
                                    U.S. Department of Justice
                                    20 Massachusetts Avenue, N.W., Room 7130
                                    Washington, D.C.  20001
                                    Telephone:   (202) 514-2988
                                    Facsimile:    (202) 616-8202
                                    Email:          Joel.McElvain@usdoj.gov

                                    Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH E. ORYSZAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07-cv-01141 |
| | ) |
| MARK SULLIVAN, Director, United States Secret Service, | ) ) ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Upon consideration of defendant's motion to dismiss, and the memoranda filed in support thereof and in opposition thereto, it is hereby

ORDERED that defendant's motion is GRANTED, and it is

FURTHER ORDERED that this action is dismissed with prejudice.


Dated: _____, 2007      _____
                                   JOHN D. BATES
                                   UNITED STATES DISTRICT JUDGE

Copy To:

Joel McElvain
U.S. Department of Justice
20 Massachusetts Avenue, N.W., Room 7130
Washington, D.C. 20001
Attorney for Defendants

Sheldon I. Cohen
Sheldon I. Cohen & Associates
2009 N. 14th Street, Suite 708
Arlington, VA 22201
Attorney for Plaintiffs