IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH E. ORYSZAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07-cv-01141 |
| | ) |
| MARK SULLIVAN, Director, United States Secret Service, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO STAY DISCOVERY**

The defendant, Mark Sullivan, the Director of the United States Secret Service, respectfully moves this Court to quash the discovery requests that have been served upon him in this action by the plaintiff, Sarah E. Oryszak. The defendant also respectfully moves this Court to stay all discovery in this action pending the resolution of the defendant's motion to dismiss the complaint, which is being filed concurrently with this motion. Pursuant to Local Rule 7(m), counsel for the defendant, Joel McElvain, certifies that he has consulted with counsel for the plaintiff, Sheldon I. Cohen, Esquire, and that Mr. Cohen does not consent to the relief requested in this motion.

**Background**

On June 26, 2007, Ms. Oryszak filed her complaint in this action. According to the complaint, Ms. Oryszak was employed as a Special Aagent with the Secret Service. Compl., ¶ 4. She held a Top Secret security clearance. Compl., ¶ 11. The Secret Service revoked her security clearance. Compl., ¶¶ 27-29. Ms. Oryszak pursued an appeal within the agency, and the agency's Security Appeals Board upheld the revocation of her

clearance. Compl., ¶ 32. The complaint alleges that the agency lacked substantial evidence for its decision, and seeks review of that decision in this Court pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.* Compl., ¶ 36.

On August 17, 2007, Ms. Oryszak served a set of document requests upon the defendant, and also served a set of interrogatories upon the defendant. Counsel for the defendant contacted Ms. Oryszak's counsel, and informed him that the defendant planned to move to dismiss the complaint for lack of jurisdiction. Counsel for the defendant accordingly asked Ms. Oryszak's counsel to withdraw the discovery requests, but her counsel declined to do so. Because the defendant does not believe that discovery is appropriate, particularly at this juncture in the case, the defendant now moves to quash the discovery requests that have been served upon him, and further moves for a stay of all discovery.

## **Argument**

A stay of discovery is warranted at this time for two reasons. First, the defendant's pending motion to dismiss is potentially dispositive of this action, and it is appropriate for the motion to be resolved before the parties should face the burden of serving and responding to discovery requests. Second, Ms. Oryszak's cause of action arises only under the APA (if it arises at all), and discovery is generally inappropriate in actions under the APA, absent circumstances not present here.

**I.    A Stay of Discovery Is Appropriate, Pending the Resolution of the Motion to Dismiss the Complaint for Lack of Jurisdiction**

The defendant has moved to dismiss the complaint for lack of subject matter jurisdiction.  In that motion, the defendant has argued that the decision to revoke a security clearance is committed to agency discretion by law, and that therefore jurisdiction is lacking over the plaintiff's complaint.  (In the alternative, the defendant argues that the complaint fails to state a claim.)  That motion is potentially dispositive of this action.  Proceeding with discovery before that motion is resolved therefore would cause an undue burden to the parties.

Courts have consistently exercised their discretion to stay discovery in such circumstances.  "It is well settled that discovery is generally considered to be inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."  *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001); *see also Patterson v. United States*, 901 F.2d 927, 929 (11th Cir. 1990); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

A stay of discovery pending the resolution of a motion to dismiss is particularly appropriate where, as here, that motion challenges the court's jurisdiction to hear the complaint.  "It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters."  *U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80 (1988); *see also* 8 C.

Wright, A. Miller & R. Marcus, Federal Practice & Procedure § 2040 (2d ed. 1994). "[J]urisdiction is power to declare the law," and without it, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). In his motion to dismiss, the defendant has argued that his agency's decision to revoke Ms. Oryszak's security clearance was a decision committed to that agency's discretion by law, and that therefore this Court lacks jurisdiction to review that decision. Because the motion to dismiss presents a challenge to this Court's jurisdiction to hear this action, it would be particularly inappropriate for discovery to proceed while this motion is pending.

A stay of discovery is particularly warranted in this case because discovery would not assist this Court in resolving the pending motion to dismiss. *See, e.g., Modela v. New York Times Co.*, 137 F.R.D. 1, 2 (D.D.C. 1990). The defendant relies on purely legal grounds in support of his motion to dismiss. Accordingly, in the interest of judicial economy, it is appropriate to quash the discovery requests that have been served, and to stay all discovery, pending the resolution of that motion to dismiss.

**II.      A Stay of Discovery Is Also Appropriate because Discovery Is Generally Not Permitted in an Action under the APA**

It is appropriate to stay discovery in this action for a second reason. If Ms. Oryszak has a cause of action at all – and, as explained in the defendant's motion to dismiss, she does not – that cause of action arises only under the APA. Absent

extraordinary circumstances not present here, however, discovery is not permitted in such an action.

"It is well settled that judicial review of agency action is normally confined to the full administrative record before the agency at the time the decision was made. The focal point for judicial review should be the administrative record already in existence, not some new record compiled initially in the reviewing court." *Environmental Defense Fund v. Cottle*, 657 F.2d 275, 284 (D.C. Cir. 1981). Because the Court is, as a general matter, limited to a review of the administrative record in a case arising under the APA, it would serve no purpose to permit the plaintiff to seek discovery of additional extra-record materials. For this reason, courts generally refuse to permit discovery to proceed in actions brought under the APA. *See Commercial Drapery Contractors, Inc. v. United States*, 133 F.3d 1, 7 (D.C. Cir. 1998) (the APA "limits review to the administrative record, except where there has been a strong showing of bad faith or improper behavior or when the record is so bare that it prevents effective judicial review") (internal quotation and citations omitted); *see also Trudeau v. FTC*, 384 F. Supp. 2d 281, 293-94 (D.D.C. 2005), *aff'd*, 456 F.3d 178 (D.C. Cir. 2006).

Ms. Oryszak has not shown, and cannot show, that discovery could be justified in this action. The defendant's motion to dismiss is pending, and is likely to be dispositive of Ms. Oryszak's claims as a matter of law. The defendant would only be obliged to answer the complaint or to submit an administrative record in the event that his motion to dismiss were to be denied. Because he is not yet obliged to file an administrative record,

it is, at a minimum, premature for the plaintiff to seek to supplement the record through discovery in this action. Accordingly, this Court should stay discovery in this action pending the resolution of the defendant's motion to dismiss.

## **Conclusion**

For the foregoing reasons, the defendant respectfully requests that the Court quash the discovery requests that the plaintiff has served on him, and further respectfully requests that the Court stay all discovery in this action pending the resolution of the defendant's motion to dismiss the complaint.

Dated: September 20, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

   /s/ Joel McElvain
SUSAN K. RUDY, D.C. Bar # 369112
JOEL McELVAIN, D.C. Bar # 448431
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7130
Washington, D.C. 20001
Telephone: (202) 514-2988
Facsimile: (202) 616-8202
Email: Joel.McElvain@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH E. ORYSZAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07-cv-01141 |
| | ) |
| MARK SULLIVAN, Director, United States Secret Service, | ) ) ) |
| | ) |
| Defendant. | ) |

## **[PROPOSED] ORDER**

Upon consideration of defendant's motion to stay discovery, and good cause having been shown, it is hereby

ORDERED that defendant's motion is GRANTED, and it is

FURTHER ORDERED that the discovery requests that have been served by the plaintiff upon the defendant are QUASHED, and it is

FURTHER ORDERED that discovery is STAYED in this action pending the resolution of defendant's motion to dismiss the complaint.


Dated: _____, 2007    _____
                               JOHN D. BATES
                               UNITED STATES DISTRICT JUDGE

Copy To:

Joel McElvain
U.S. Department of Justice
20 Massachusetts Avenue, N.W., Room 7130
Washington, D.C. 20530
Attorney for Defendants

Sheldon I. Cohen
Sheldon I. Cohen & Associates
2009 N. 14th Street, Suite 708
Arlington, VA 22201
Attorney for Plaintiffs