**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SARAH E. ORYSZAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.1:07-cv-01141 |
| | ) |
| MARK SULLIVAN, Director | ) |
| United States Secret Service | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS**
**AND TO**
**DEFENDANTS MOTION TO STAY DISCOVERY**

Plaintiff, Sarah Oryszak, opposes Defendant's Motion to Dismiss for the reason that this Court does have subject matter jurisdiction pursuant to the Administrative Procedure Act (the APA), 5 U.S.C. § 551 et seq. The defendant's argument that the defendant's decision to revoke plaintiff's security clearance is unreviewable because it is committed to unfettered agency discretion under *Department of the Navy v. Egan,* 484 U.S. 518 (1988), is incorrect. Plaintiff submits that there is no evidence to support the finding of the United States Secret Service (the Agency) that she "knowingly passed counterfeit currency," which was the basis of its decision to revoke her security clearance.

Defendant also filed a Motion to Stay Discovery pending resolution of its Motion to Dismiss. Because these motions are so closely related, plaintiff will address them in this one response.

## BACKGROUND

Plaintiff filed this action under the APA to set aside the decision of the Agency revoking her security clearance. She pleaded that on June 26, 2005, she was hired as Special Agent for the Secret Service, (Complaint, ¶13), and that from July to September, 2005, she attended the Federal Training and Law Enforcement Training Center at Glenco, Georgia, for training, but because she did not successfully complete the defensive tactics exercise, she was required to retake the training. (Complaint, ¶¶ 14, 15). While waiting for retraining, plaintiff was assigned to various low-level administrative tasks consisting of locating case files, moving furniture, destroying computer hard-drives, sorting evidence and making copies of evidence sheets and putting them in numbered order. (Complaint, ¶16). She was not afforded any training in recognizing or detecting counterfeit currency. (Complaint, ¶17).

On March 30, 2006, plaintiff, upon returning to her home after her second training session at Glenco, cashed a check at a bank and received a $100 bill. (Complaint ¶¶ 18, 19). A few days later, she took her mother to lunch and paid for lunch with the $100 bill. She received four $20 bills in change. (Complaint, ¶¶ 19, 20). Plaintiff did not look at, or examine the $20 bills before placing them in the bank envelope where she had kept the $100 bill. (Complaint, ¶20). Later that day, plaintiff and her sister went shopping at a Wal-Mart, where she purchased some water, chewing

gum, and over-the-counter pain medication, and paid for the purchase with one of the $20 bills. She did not examine the bill. (Complaint ¶ 21). She then walked across the street to a grocery store and purchased some fruit, Gatorade, and vinegar using her sister's "Tops Bonus Card" which had her sister's name and address on it. She paid for her purchase with another of the $20 bills. The following day, she purchased gas with the remaining two $20 bills. (Complaint, ¶¶ 21, 22).

Several days later, plaintiff's sister contacted her and informed her that she had been contacted by the police regarding the $20 bills as being found to be counterfeit. Plaintiff was identified because she had used her sister's "Bonus Card" to make the purchase. Plaintiff immediately called the local police department to offer any information. (Complaint, ¶26). Plaintiff had no knowledge that the $20 bills were counterfeit. (Complaint ¶23). Upon returning to work later that week, plaintiff was placed on administrative leave while the Agency investigated the passing of the counterfeit currency. (Complaint, ¶27).

On July 19, 2006, plaintiff voluntarily submitted to an Agency administered polygraph. (Complaint, ¶28). On September 12, 2006, the Agency revoked plaintiff's Top Secret Security Clearance for having "knowingly passed counterfeit currency." (Complaint, ¶29).(Attachment A). Plaintiff appealed that decision to the Agency's Security Appeals Board which affirmed the initial decision

(Attachment B). (Complaint, ¶¶ 30, 31). From that affirmance, this suit was filed.

After filing and serving the Complaint, plaintiff filed on Defendant a single Interrogatory asking for "all facts which support the agency's conclusion that Plaintiff knowingly and willingly passed counterfeit currency." (Attachment C). Plaintiff also served a Request for Production of Documents to determine whether the record contained any factual support for the Agency's determination. (Attachment D).

Plaintiff filed this Complaint under the APA on the grounds that the decision to revoke her security clearance because she "knowingly passed counterfeit currency," was "arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, and unwarranted by the facts to the extent the facts are subject to trial de novo," because there are no facts to support that decision.(Complaint, ¶¶ 36, 37).

## ARGUMENT

### The Motion to Dismiss

The government moves to dismiss under F. R. Civ. Pro. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim.  For the purposes of determining the propriety of dismissing a cause before trial, the allegations of the complaint are taken as true, Eg., *Kossick v. United Fruit Co.,* 365 U.S. 731, reh. den. 366 U.S. 941 (1961), and are to be

liberally construed in favor of the plaintiff. *Eg. Scheuer v. Rhodes,* 416 U.S. 232 (1974)*; Jenkins v. McKeithen*, 395 U.S. 411, reh. den. 396 U.S. 869 (1969). A motion to dismiss under Rule 12(b)(6) may be treated as a motion for summary judgment under Fed. R. Civ. Pro. 56 where there are disputed issues of fact. Rule 12(b) provides, in that case, that the "parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Plaintiff has served on defendant discovery requests to obtain and present such material to the Court which the government now moves to suppress by its Motion to Stay Discovery filed concurrently with its Motion to Dismiss.

The government argues that the instant case should be dismissed because it is committed to agency discretion, citing *Department of the Navy v. Egan,* 484 U.S. 518 (1988). *Egan* held only that the Merit Systems Protection Board did not have the statutory authority to review the substance of a security clearance decision which underlaid the Agency's decision to terminate an employee. Although the Supreme Court, in dictum, stated that the determination whether to grant the security clearance was a discretionary judgment call committed by law to the appropriate agency of the Executive Branch under the President's authority to protect such information, it did not hold that that discretion was unfettered, or that a decision regarding a security clearance was not subject to review under the APA. Subsequent case law makes it

clear that an agency's discretion is, in certain circumstances, judicially reviewable.

A final agency action is subject to judicial review under the APA unless a "statute precludes judicial review," under 5 U.S.C. § 701(a)(1), or "it is committed to agency discretion by law" under 5 U.S.C. § 701(a)(2). The distinction between these two sections is discussed in *Heckler v. Cheney*, 470 U.S. 821, 828-830 (1981). Section 701(a)(1) is applicable where preclusion is expressly stated in a statute of Congress. Section 701(a)(2) is applicable even where Congress has not affirmatively precluded review where a court would have no meaningful standard from which to judge agency discretion, such as if the decision was political, or a judgment how resources are to be allocated, or a refusal to prosecute or, in the case of *Heckler v. Cheney,* a refusal to take an enforcement action by the F.D.A.

In the case of a security clearance, a statute must be so clearly drawn, such as the National Security Act of 1947 which gives the Director of the CIA unreviewable discretion to terminate an employee. *Webster v. Doe,* 486 U.S. 592(1988), or the Foreign Service Act. *U.S.I.A. v. Krc*, 905 F.2d 389, 396 (D.C. Cir. 1990). That there is no meaningful standard against which to judge an agency's discretion. Even statues so broadly drawn, however, does not exclude a review of a colorable constitutional claim. *Webster v. Doe*, 486 U.S. 603. To exclude such constitutional claims, the

Supreme Court held, Congress' intent must be clear. Ibid.

The Supreme Court in *Department of the Navy v. Egan* held that the agency's discretionary authority to determine a security clearance was based not on a statute, but under the authority of the President, as Commander in Chief under Article II, § 2 of the U.S. Constitution. In *Egan*, the Supreme Court did not rule that discretion was unreviewable or unchallengeable, but only that the Merit Systems Protection Board had no statutory authority to review. In the same Term, the Court held that security clearance decisions were, at least, reviewable if they raised constitutional issues. *Webster v. Doe*, *supra*.

The Supreme Court in *Webster v. Doe*, 486 U.S. 599-600, again addressed the distinction between § 701(a)(1) and § 701(a)(2) of the APA. It noted that Subsection (a)(1) is concerned with whether Congress has expressed an intent to prohibit judicial review, and that Subsection (a)(2) applies, stating: "in those rare instances where statutes are drawn in such broad terms that in a given case there is no law to apply. . . . Review is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of its discretion." In the instant case, the government cites no statute precluding judicial review and plaintiff is not aware of any. Nor is there a statute drawn in such broad terms such as the National Security Act, where there is no law to apply, and *Department of the Navy v.*

*Egan,* does not make that assertion.

The lower Federal courts, in interpreting *Department of Navy v. Egan,* have found that an agency's discretion in a security clearance determination is not plenary. The Federal Circuit Court of Appeals in *King v. Austin*, 75 F.3d 657 (Fed. Cir. 1996), held that an employee is, at least, entitled to notice of the reasons for the suspension of access to classified information when that suspension is the reason for the employee being placed on a forced leave. The Federal Circuit in *Cheney v. Dept. of Justice*, 479 F.3d 1343 (2007), further held that an employee must receive notice stating the specific reasons for the suspension of the employee's security clearance, when that is the reason for suspending an employee pending a decision on the employee's security clearance.

The current process for challenging and reviewing a security clearance determination was established by Executive Order 12968 (1995). The standards are found in the Guidelines for Determining Eligibility for Access to Classified Information which have been most recently reissued by Memorandum to the Executive Branch Agencies from Steven J. Hadley, Assistant to the President for National Security Affairs, dated December 29, 2005.(Attachment E). Those Guidelines, which are mandatory on all Executive Branch agencies, are published at 32 C.F.R. Part 154.

5 U.S.C. § 701(a)(2) does not prevent a court from determining whether the agency has exercised its discretion within permissible

bounds. *Littell v. Morton*, 445 F.2d 1207 (4th Cir. 1971), on remand, 396 F.Supp. 441 (D.Md. 1974); *Silberman v. Rogers*, 309 F.Supp. 570 (D.Mass.), rvd on other grounds, 437 F.2d 102 (1st Cir. 1970), cert. den. 402 U.S. 983 (1971). A court can review an agency decision even if committed to agency discretion when there is a patent abuse of that discretion, *Scanwell Laboratories, Inc. v. Shaffer*, 424 F.2d 859 (D.C. Cir. 1970). Where there is a *prima facie* showing of irregularity, a plea that the decision is reserved for agency discretion is not allowed. *Scanwell Laboratories, Inc. v. Shaffer*, ibid. Review is precluded only where statutes clearly show judicial review would be inappropriate. *Natural Resources Defense Council v. S.E.C.*, 606 F.2d 1031 (D.C. Cir. 1979); *Harper v. Levi*, 520 F.2d 53 (D.C. Cir. 1975). Notwithstanding an underlying statute's failure to create judicially manageable standards, an agency regulation can provide agency standards which provide a basis for judicial review. *C.C. Distributors, Inc. v. U.S.*, 883 F.2d 146 (D.C. Cir. 1989). Even where a security clearance is in issue, where a decision is committed to agency discretion, the agency cannot defy its own regulations. *Doe v. Schacter*, 804 F.Supp. 53 (N.D. Cal. 1992).

It is an abuse of discretion if there is no evidence to support a decision. *Jaimez-Revolla v. Bell*, 598 F.2d 243 (D.C. Cir. 1979), or when no rational basis exists, *Ethyl Corp. v. E.P.A.*, 541 F.2d 1, 34 (D.C. Cir.), cert. den., 426 U.S. 941 (1976). There must a rational connection between the facts found and the choices made,

*Seatrain Intern. S.A. v. Fed. Maritime Commission*, 598 F.2d 289 (D.C. Cir. 1979). A reviewing court has the responsibility to ascertain the facts on which the decision is based, and whether there are facts that have some basis in the record, *Recording Industry Assn. of America v. Copyright Royalty Tribunal*, 662 F.2d 1 (D.C. Cir. 1981).

Plaintiff does not contend that the Agency lacks the discretion to decide whether a security clearance should be granted, nor does she challenge the Agency's discretion to apply the Security Clearance Guidelines to her particular case. Plaintiff would not challenge a determination that the Agency was within its discretion to revoke her security clearance had there been evidence to support that determination that she "knowingly passed counterfeit currency." What she does contend is that such a discretionary decision must be based on some evidence that she violated the Guidelines. In this case plaintiff submits that there was no evidence to support a finding that she "knowingly passed counterfeit currency", on which finding her clearance was revoked. She further submits that all of the evidence in the record is to the contrary. A decision based on no evidence is "arbitrary, capricious, an abuse of discretion, or otherwise, not in accordance with the law," as prescribed by 5 U.S.C. § 706(2)(A).

Plaintiff is not asking this Court to substitute its judgement for that of the agency in making a "predictive judgement" on

whether or not deliberately passing counterfeit information warrants the revocation of a clearance. Plaintiff is also not asking this Court to evaluate conflicting evidence to determine whether there it is "substantial," a "preponderance," or beyond a reasonable doubt evidence, that plaintiff deliberately passed counterfeit currency. Plaintiff submits, however, that where there is no evidence to support such a finding, and all of the evidence is to the contrary, then the Agency's finding that plaintiff knowingly passed counterfeit currency is arbitrary, capricious, and an abuse of its discretion. That review, plaintiff submits, is within this Court's jurisdiction under the APA.

If a decider could deny a clearance for any reason or no reason, it must be given that authority by Congress (so long as the reason is not unconstitutional), but Congress has not done so here, as it has in Section 102(c) of the National Security Act, *Webster v. Doe*, supra, or in Section 611 of the 1980 Foreign Service Act. *U.S.I.A. v. Krc*, supra.

### The Motion to Stay Discovery

Defendant moved to stay discovery on the grounds that its Motion to Dismiss was potentially dispositive, and that it should not face the burden of responding to discovery requests until it was resolved. Its second reason was that discovery "is generally inappropriate in actions under the APA, absent circumstances not present here." (Defendant's Motion to Stay, p. 2). Defendant's

Motion to Dismiss was for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), and for failure to state a claim pursuant to Rule 12(b)(6) of the Fed. R. of Civ. Pro. Plaintiff submits that where it is pleaded that there are no facts to support a decision, and for that reason the decision is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law under 5 U.S.C. § 706(2)(a), it is necessary to know what facts there are.

When a defendant's motion under Rule 12(b)(6) is factually disputed, the Rule provides that it must be treated as one for summary judgement and disposed of as provided in Rule 56. If matters outside the pleading are presented to, and not excluded by the Court, "then all parties shall be given reasonable opportunity to present all material facts pertinent to such a motion by Rule 56." Such is the case here.

As a general rule, summary judgement is appropriate only after "adequate time for discovery." *Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986); *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954 (4th Cir. 1996). Summary judgement must be refused where the non-moving party has not had the opportunity to discover information that essential to his or her opposition. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n.5 (1986). Rule 56(f) provides that where a party cannot present by affidavit facts essential to justify the party's opposition, the Court may refuse

the application for judgment, or may order a continuance to permit depositions or discovery to be had. Where plaintiffs have not had the opportunity to take discovery, it is within the Court's discretion to refuse defendant's motion for summary judgment. *McSurely v. McClellan,* 521 F.2d 1024, 1035 (D.C. Cir. 1975), reh., 553 F.2d 1277, cert. dismissed, 348 U.S. 189 (1978). It reversible error for the court to grant a motion to dismiss that has been converted to one for summary judgment without providing all of the parties the opportunity to present material relevant to the summary judgment motion, *Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds, 501 U.S. 104 (1991). Counsel's affidavit asserting the need for the requested discovery is attached. (Attachment F).

WHEREFORE, Plaintiff prays that defendant's Motion to Dismiss and Motion to Stay Discovery be denied and that discovery be allowed.

/s/ Sheldon I. Cohen
Sheldon I. Cohen
D.C. Bar No. 47662
Counsel for Plaintiff
Sheldon I. Cohen & Assoc.
2009 N. 14th Street, Suite 708
Arlington, VA 22201
(703) 522-1200 Phone
(703) 522-1250 Fax
sicohen@sheldoncohen.com

## CERTIFICATE OF SERVICE

13

I hereby certify that on the 16th day of October, 2007, I electronically filed the foregoing Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss and Defendant's Motion to Stay Discovery with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel for defendant:

> Joel McElvain
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Ave, N.W. Room 7130
> Washington, DC 20001

> /S/ Sheldon I. Cohen
> Sheldon I. Cohen
> D.C. Bar No. 47662
> Counsel for Plaintiff
> Sheldon I. Cohen & Assoc.
> 2009 N. 14th Street, Suite 708
> Arlington, VA 22201
> (703) 522-1200 Phone
> (703) 522-1250 Fax
> sicohen@sheldoncohen.com

ory.35.jfg

UNITED STATES GOVERNMENT

# MEMORANDUM

U.S. Secret Service

DATE:  September 12, 2006          File:          163-802-51611
                                                  803.000

REPLY TO
ATTN OF:  Chief –Security Clearance Division

SUBJECT:  Notice of Determination – Security Clearance Revocation

TO:  Special Agent Trainee Sarah Oryszak

THRU:  SAIC- Washington Field Office

This memorandum serves as notification that a determination has been made to revoke
your Top Secret security clearance. This action is taken in accordance with the
provisions of Executive Orders 10450 and 12968, and with the Adjudicative Guidelines
for Determining Eligibility for Access to Classified Information ("Adjudicative
Guidelines") developed thereunder. Copies of these documents are attached.

The decision in this matter is based on the following facts and considerations:

On or about September 28, 2005 through January 6, 2006, you were assigned to assist
with the Washington Field Office's counterfeit "Not In Evidence" notes and reports.
During this time period, you had routine access and exposure to counterfeit bills.

On or about April 3, 2006, you and your sister visited a Wal-Mart store. Your sister
paid for her purchases with a debit card and you paid for your purchases with cash at
register #17. The cashier did not detect at that time that the $20 bill you used was
counterfeit. This transaction was captured on surveillance video.

Approximately 17 minutes later, you and your sister visited a Tops Market in
Hamburg, NY. Your sister paid for her purchases with a debit card and utilized a
Tops Market courtesy card. You then paid for some Gatorade beverage using a $20
bill and utilized your sister's Top Market courtesy card. This transaction was captured
on surveillance video.

ATTACHMENT A

The cashier suspected the $20 bill you used to pay for your purchases was counterfeit.
He observed you depart the store parking lot in a dark colored sports utility vehicle and
then notified the local police department.

Continuing on April 3, 2006, the $20 bill you used to pay for your purchases at the
Wal-Mart was identified as being counterfeit when the cashier's drawer was being
counted. The bill had the same brown markings on President Jackson's face as the bill
passed at the Tops Market 17 minutes later. Both counterfeit $20 bills were of poor
quality.

Police traced the debit and/or bonus card used at the Tops Market to your sister. Your
sister was interviewed and admitted that the two of you had visited the Wal-Mart and
the Tops Market on the date in question and that you had paid for your purchases with
cash. She denied any knowledge of or involvement with the counterfeit currency.

A review of the surveillance video tapes from both stores indicates that you were the
individual that passed the counterfeit currency.

On July 18, 2006, you provided a statement to Secret Service Inspectors regarding your
involvement in this matter. You admitted that you had made purchases at both the
Wal-Mart and the Tops Market on the day and time in question. You did not deny that
the $20 bills you used to pay for your purchases were counterfeit, but you denied
knowing that the bills were counterfeit at the time you passed them.

Your conduct as described above raises concerns under Guideline J, Criminal Conduct.
Guideline J, Criminal Conduct, states a security concern in that criminal activity
creates doubt about a person's judgment, reliability, or trustworthiness. Conditions
that could raise a security concern and may be disqualifying include an allegation or
admission of criminal conduct, regardless of whether the person was formally charged,
formally prosecuted, or convicted.

Your conduct also raises concerns under Guideline E, Personal Conduct, which states
that conduct involving questionable judgment, lack of candor, dishonesty, or
unwillingness to comply with rules and regulations can raise questions about an
individual's reliability, trustworthiness and ability to protect classified information.

You processed "Not in Evidence" counterfeit for a period of over four months,
therefore you were or should have been familiar with counterfeit currency. You were
subsequently videotaped passing two counterfeit $20 bills, one which was immediately
detected by the store clerk as being counterfeit and the other one which was identified

2

as being counterfeit when the cashier counted her drawer. As a Special Agent Trainee with routine exposure to counterfeit currency, you knowingly passed counterfeit currency and your claims to the contrary are not credible.

The Adjudicative Guidelines cited above set forth factors that could mitigate the security concerns presented by this guideline. In this situation, however, I do not find that any of the mitigating factors are applicable to the security concerns presented.

"Any doubt concerning personnel being considered for access to classified information will be resolved in favor of the national security. . . ." I find that your conduct in this matter raises significant security concerns. Having fully considered the available information concerning you, a question exists as to whether your retention of a Top Secret security clearance would be "clearly consistent with the interests of the national security." Therefore, I am notifying you that it has been determined that your access to classified information should be revoked.

You are advised that you have the right to appeal this determination. The Deciding Authority in this matter is Keith Hill, Deputy Assistant Director (DAD), Office of Human Resources and Training. Correspondence in this matter should be addressed to DAD Hill at the United States Secret Service, Office of Human Resources and Training, Suite 8600, 950 H Street, N.W, Washington, D.C. 20223; facsimile number (202) 406-6501.

Also, pursuant to Executive Order 12968, you are advised that you have the following rights in regard to this Notice of Determination.

1.  You may be represented by counsel or other representative at your own expense. If you choose to be represented by counsel or other representative, you should immediately send to my office by facsimile or regular mail a brief statement designating the named individual or law firm as your representative and stating that the Secret Service may release to the named individual or firm documents and information concerning you.

2.  You may, within fifteen (15) days of the date of this Notice of Determination:

    (a)  request any documents or records upon which this Notice of Determination is based, as permitted by the national security and other applicable law; and/or,

3

(b)    request the entire investigative file, as permitted by the national security and other applicable law.

If you request any documents or records, the documents shall be provided to the extent they would be provided if requested under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a, and as permitted by the national security and other applicable law.

3.    You may respond in writing to, and request a review of, this Notice of Determination:

        (a)    if, as described in paragraph 2 above, you request documents or records, your written response must be submitted within thirty (30) days of the date of final notification from the Secret Service that all responsive documents have been provided;

        (b)    if you do not request documents or records, as described in paragraph 2 above, your written response must be submitted within thirty (30) days of the date of this Notice of Determination.

In your written response you are encouraged to submit affidavits, records, and other specific information which supports your response.

4.    You have the right to appear personally before DAD Hill to respond orally to this Notice of Determination. To exercise this right you must make a request to schedule an oral response within thirty (30) days of the date of this Notice of Determination; or, if you are requesting background documents, within thirty (30) days of the date of the letter providing you with final notification that all responsive documents have been provided. Your request for a personal appearance should be made in writing and directed to DAD Hill. If you choose to appear personally, the events of this meeting will be transcribed or otherwise recorded.

5.    If you do not respond to this Notice of Determination within the required time periods, this Notice of Determination will become final without further notification.

6.    If you choose to respond orally and/or in writing you will receive a written Notice of Review setting forth DAD Hill's decision in this matter.

The Secret Service Personnel Division and your supervisors in the Office of

4

Investigations have been advised of this matter.

Any questions in regard to your procedural rights in this matter may be initially addressed to my office at (202) 406-5830, or to the Secret Service Office of the Chief Counsel, (202) 406-5771.

Robin Deprospero-Philpot
Chief-Security Clearance Division

Enclosures

UNITED STATES GOVERNMENT

# memorandum

U.S. SECRET SERVICE
802.000

DATE: May 3, 2007

REPLY TO
ATTN OF: DAD - Sheila M. Lumsden
Office of Human Resources and Training

SUBJECT: Security Clearance Revocation

TO: Special Agent Sarah Oryszak
AD-Office of Investigation

Reference is made to the Notice of Determination and the Notice of Review notifying you that you do not meet the applicable security criteria for access to classified information.

The Security Appeals Board ("Board") has carefully reviewed the Notice of Determination, the Notice of Review, all supporting documentation and materials, your oral response of November 21, 2006, and your written response. Having reviewed this matter, the Board has determined that reinstating your Top Secret security clearance is not "clearly consistent with the interests of national security."

In the opinion of the Board, you knowingly passed counterfeit currency which raises significant security concerns under Guideline J, Criminal Conduct, and Guideline E, Personal Conduct. The Board has found that these security concerns are not sufficiently reduced or eliminated by your response or any applicable mitigating factors.

Therefore, the Board has decided that the revocation of your Top Secret security clearance should be upheld. The Board's decision in this matter is final and there is no further right of appeal.

cc:    Anthony F. Vergnetti
Shaw, Bransford, Veilleux & Roth
1100 Connecticut Avenue, N.W.
Suite 900
Washington, DC 20036

**ATTACHMENT  B**

OPTIONAL FORM NO. 10
(REV. 1-80)
GSA FPMR (41 CFR) 101-11.6
5010-114

May 3, 2007

U.S. SECRET SERVICE
802.000

DAD - Sheila M. Lumsden
Office of Human Resources and Training

Security Clearance Revocation

Special Agent Sarah Oryszak
AD-Office of Investigation

Reference is made to the Notice of Determination and the Notice of Review notifying you that you do not meet the applicable security criteria for access to classified information.

The Security Appeals Board ("Board") has carefully reviewed the Notice of Determination, the Notice of Review, all supporting documentation and materials, your oral response of November 21, 2006, and your written response. Having reviewed this matter, the Board has determined that reinstating your Top Secret security clearance is not "clearly consistent with the interests of national security."

In the opinion of the Board, you knowingly passed counterfeit currency which raises significant security concerns under Guideline J, Criminal Conduct, and Guideline E, Personal Conduct. The Board has found that these security concerns are not sufficiently reduced or eliminated by your response or any applicable mitigating factors.

Therefore, the Board has decided that the revocation of your Top Secret security clearance should be upheld. The Board's decision in this matter is final and there is no further right of appeal.

cc:    Anthony F. Vergnetti
       Shaw, Bransford, Veilleux & Roth
       1100 Connecticut Avenue, N.W.
       Suite 900
       Washington, DC 20036

bcc:   AD - INV
       AD - HRT
       Chief - Personnel
       Chief -SCD
       Branch Chief-ERB
       Office of Chief Counsel (L. Herron)
SL:DP:LHerron:djh 05/03/07

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
SARAH E. ORYSZAK                )
                                )
                                )
        Plaintiff,              )
                                )
        v.                      ) Civil No. 1:07-cv-01141
                                ) (Bates, John D., Judge)
                                )
MARK SULLIVAN, DIRECTOR         )
UNITED STATES SECRET SERVICE    )
                                )
                                )
        Defendant.              )
```

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT**

Pursuant to the provisions of Rule 33 of the Federal Rules of Civil Procedure, Sarah E. Oryszak, Plaintiff, hereby serves the following interrogatories upon Defendant, Mark Sullivan, Director, United States Secret Service, to be answered under oath by Defendant within thirty days of service hereof.

**First Interrogatory:** State all facts which support the agency's conclusion that Plaintiff knowingly and willing passed counterfeit currency.

Sheldon I. Cohen & Assoc.


By:_____
      Sheldon I. Cohen
      D.C. Bar No. 47662
      Counsel for Plaintiff
      2009 N. 14th Street
      Suite 708
      Arlington, VA 22201
      (703) 522-1200 Phone
      (703) 522-1250 Fax
      sicohen@sheldoncohen.com


ATTACHMENT C

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing Plaintiff's First Interrogatories to Defendant by fax, 202/514-2988 to counsel for the Defendant, Joel McElvain, Assistant United States Attorney, Federal Programs Branch, Department of Justice, Washington, D.C. 20001, this 17 day of August, 2007.

_____
Sheldon I. Cohen

orz.09.jfg

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH E. ORYSZAK ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:07-cv-01141 |
| ) | (Bates, John D., Judge) |
| ) | |
| MARK SULLIVAN, DIRECTOR ) | |
| UNITED STATES SECRET SERVICE ) | |
| ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, Sarah E. Oryszak ("Plaintiff") hereby addresses his First Requests for Production of Documents to Defendant, Mark Sullivan, Director, United States Secret Service , to be responded to and complied with fully within thirty days of service thereof. Plaintiff requests that Defendant produce those documents and tangible things listed below for inspection and copying, and that the production be made at the offices of Sheldon I. Cohen & Associates, 2009 N. 14th Street, Suite 708, Arlington, Virginia, 2009.

### INSTRUCTIONS AND DEFINITIONS OF TERMS

A. The term "Plaintiff" refers to plaintiff, Sarah E. Oryszak.

B. The terms "Defendant", "you", or "your" refers to defendant, Mark Sullivan, Director, United States Secret Service., and its  employees, officers, directors, agents and anyone else acting on its behalf.

ATTACHMENT D

C. A document "relating", "related to", "regarding" or "concerning" (or any form thereof) any given subject matter means any document that constitutes, pertains to, or in any way directly or indirectly bears upon or deals with the subject, including, without limitation, documents concerning the preparation of documents.

D. Pursuant to Federal Rule of Civil Procedure 34, Plaintiff requires a written response to these Requests.

E. The terms "documents" or "all documents" as used herein, include all documents available to Defendant and further to include, without limitation, any written, recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by hand or any other process, specifically including: (1) all originals, copies or drafts; and (2) originals, copies or drafts on which appear any notes or writings placed thereon after the document was first printed, typed, recorded, or made into graphic matter, however produced or reproduced, in the actual or constructive possession of Defendant, including, without limitation, any letters, telegrams, memoranda, writings, circulars, monographs, bulletins, manuals, speeches, audio and video tapes, drawings, blueprints, recordings, computer disks or tapes, computer electronic or optical memory devices in readable form, computer printouts, computer electronic messages, emails, notes, correspondence, communications of any nature, summaries of records

2

of conversations or conferences, information which can be retrieved by any process, test and/or analysis, reports and data sheets, specifications, sketches, minutes or reports and/or summaries or interviews, reports and/or summaries of investigations, opinions or reports of consultants, agreements and contracts, brochures, pamphlets, advertisements, letters to the trade, and including any tangible things within the scope of Rule 34(a)(1), Federal Rules of Civil Procedure. Any document bearing on any sheet or side thereof any marks, not a part of the original text or any reproduction thereof is to be considered a separate document for purposes of responding to the following specific document requests.

F. In the event Defendant wishes to assert either attorney-client privilege or work-product exclusion, or both, as to any document for which production is requested by any of the following specific document requests, then as to each document subject to such assertion, Defendant is requested to provide the basis for assertion of privilege or the exclusion for each such document. and such identification to include: the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the names appearing on any circulation list of Defendant associated with such document, and a summary statement of the subject matter(s) of such document in sufficient detail to

permit the Court to conduct an analysis to reach a determination of any claim of privilege or exclusion.

G.    Plaintiff requests that Defendant treat these discovery requests as continuing. If Defendant becomes aware of any supplemental information or documents relating to these discovery requests and which were not included in the initial responses hereto, Plaintiff requests that Defendant furnish said additional information or documents Plaintiff as soon as possible.

## REQUESTS FOR PRODUCTION

1.    All documents which the United States Secret Service ("the Agency") considers to be the Administrative Record supporting the decision to revoke plaintiff's security clearance;

2.    All documents created or used by the Agency in reaching its decision to revoke Plaintiff's security clearance;

3.    All documents submitted by Plaintiff in response to the proposed revocation of her security clearance and in response to her administrative appeal of the revocation of her clearance;

4.    Plaintiff's Official Personnel File;

5.    All documents maintained by the Agency's Office of Human Resources concerning the revocation of plaintiff's security clearance;

6.    All documents maintained by any of Plaintiff's former supervisors concerning plaintiff;

4

7.    All documents relating to an investigation of an allegation that Plaintiff passed counterfeit currency;

8.    All documents relating to any training that Plaintiff may have received to recognize or identify counterfeit currency;

9.    All documents relating to any disciplinary action or actions to which Plaintiff was subjected while she was an employee of the Agency; and

10.    All audio or video recordings or both, and transcripts of such recordings of:

a.    Any interviews between June 1, 2006 and December 31, 2006 of Plaintiff by the Agency;

b.    Any interviews of Plaintiff prior to, during, or after a polygraph examination of her which took place in or about July 2006; and

c.    Plaintiff's testimony at a Personal Appearance before a Agency representative, in or about November or December 2006, in response to a proposal to revoke her security clearance.

Sheldon I. Cohen & Assoc.


By:_____
      Sheldon I. Cohen
      D.C. Bar No. 47662
      Counsel for Plaintiff
      2009 N. 14th Street
      Suite 708
      Arlington, VA 22201
      (703) 522-1200 Phone
      (703) 522-1250 Fax
sicohen@sheldoncohen.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing Plaintiff's First Request for Production of Documents by fax (202/514-8780) and first class mail, postage prepaid, to counsel for the defendant, Charlotte Able, Esq., Assistant United States Attorney for the District of Columbia, Civil Division, at 555 15th Street, N.W., Washington, D.C. 20001, this 16th day of August, 2007.

_____
Sheldon I. Cohen

orz.08.jfg

THE WHITE HOUSE

WASHINGTON

December 29, 2005


MEMORANDUM FOR WILLIAM LEONARD
                Director
                Information Security Oversight Office

SUBJECT:        Adjudicative Guidelines


The President has approved the attached revision of the
Adjudicative Guidelines for Determining Eligibility for Access to
Classified Information as recommended unanimously by the NSC's
PCC on Records Access and Information Security.  Please circulate
the revised guidelines to all affected agencies for immediate
implementation.  It is important to emphasize that all agencies
must honor clearances granted under these guidelines, consistent
with Executive Order 12958 and the December 12, 2005 memorandum
to agencies from OMB Deputy Director for Management Clay Johnson.


                        Stephen J. Hadley
                        Assistant to the President
                        for National Security Affairs


Attachment
Tab A     Revised Adjudicative Guidelines for Determining
          Eligibility for Access to Classified Information


ATTACHMENT E

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SARAH E. ORYSZAK,                     )
                                      )
              Plaintiff,              )
                                      )
         v.                           )    Civ. No.1:07-cv-01141
                                      )
MARK SULLIVAN, Director               )
United States Secret Service          )
                                      )
              Defendant.              )

**AFFIDAVIT OF SHELDON I. COHEN**

I, Sheldon I. Cohen, being first duly sworn, give this affidavit under Rule 56(f), Fed. Rules Civ. Pro., in connection with plaintiff's Opposition to Defendant's Motion to Dismiss and Opposition to Defendant's Motion to Stay Discovery.

1.  I am counsel of record for Sarah Oryszak, plaintiff in this matter.

2.  I am licensed to practice in the District of Columbia and the Commonwealth of Virginia. I have been a member of the Bar of this Court since 1964.

3.  At issue in this case is whether there is any evidence to support the defendant's decision to revoke plaintiff's security clearance on the grounds that she "knowingly passed counterfeit currency."

4.  Plaintiff has been provided an "Investigative File" providing evidence that plaintiff passed the counterfeit currency. Plaintiff does not deny in her Complaint that she passed counterfeit currency, but asserts in her Complaint that she had no

ATTACHMENT F

knowledge that it was counterfeit.

5.  The Investigative File provided to plaintiff contains no evidence that plaintiff "knowingly" passed counterfeit currency.

6.  On information and belief, affiant states that the Investigative File is not the complete administrative record in this case, and that the remainder of the administrative record in the possession of defendant does not contain relevant and material information which would show that plaintiff "knowingly" passed counterfeit currency, but would show that plaintiff had no such knowledge that the currency was counterfeit. That information has been requested in plaintiff's one Interrogatory to defendant, and in her Request for Production of Documents.

7.  Among the documents requested which are not included in the Investigative File are those used by the Agency in reaching its decision, documents relating to any training that plaintiff may have received to recognize or identify counterfeit currency, audio or video recordings and transcripts of recordings of interviews of the plaintiff by Agency, audio and video recordings and transcripts of the polygraph examination given by the Agency to which plaintiff voluntarily submitted, and other documents as described in the Request for Production of Documents. (Attachment D to the Plaintiff's Opposition).

8.  Without the requested discovery, the Court will have only that part of the Record which the Agency argues supports its

2

conclusion. It will not have that part of the Record which establishes that there was no basis for the finding that plaintiff "knowingly" passed counterfeit currency. This information is essential for plaintiff to oppose defendant's motion to dismiss, as it will establish not only that there are no material facts to support the Agency's motion, but that the material facts of record would entitle plaintiff to summary judgement.


October 16, 2007                          /S/ Sheldon I Cohen
Date                                      Sheldon I. Cohen

County of Arlington)
State of Virginia  )

     SUBSCRIBED and SWORN to before me in the jurisdiction aforesaid by Sheldon I. Cohen this 16th day of October, 2007.

My commission expires: January 30, 2011
                                          /S/Nils Peterson
My notary number is: 103999               Notary Public
                                                    (Seal)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
SARAH E. ORYSZAK,                )
                                 )
              Plaintiff,         )
                                 )
        v.                       )   Civ. No.1:07-cv-01141
                                 )
MARK SULLIVAN, Director          )
United States Secret Service     )
                                 )
              Defendant.         )
```

**ORDER**

Upon consideration of defendant's Motion to Dismiss and defendant's Motion to Stay Discovery and of plaintiff's Memorandum in Opposition to defendant's Motions, it is hereby

ORDERED that defendant's Motion to Dismiss be, and is hereby DENIED, and it is further

ORDERED that defendant's Motion to Stay Discovery be, and is hereby DENIED, and it is further

ORDERED that defendant shall respond to plaintiff's Interrogatories and Request for Production of Documents within _____ days of the date of this order.


Dated: _____, 2007        _____
                                    JOHN D. BATES
                                    UNITED STATES DISTRICT JUDGE

Serve: Sheldon I Cohen
       Counsel for Plaintiff
       2009 N. 14th St., Suite 708
       Arlington, V.A. 22201

       Joel McElvain
       Counsel for Defendant
       U.S. Department of Justice
       20 Massachusetts Ave, N.W., Room 7130
       Washington, D.C. 20001