IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH E. ORYSZAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07-cv-01141 |
| | ) |
| MARK SULLIVAN, Director, United States Secret Service, | ) ) ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS

The defendant, Mark Sullivan, the Director of the United States Secret Service, has moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or, in the alternative, for failure to state a claim pursuant to Rule 12(b)(6) of those Rules. (Doc. 5.) The complaint asks this Court to review the merits of the defendant's revocation of a security clearance that had been held by the plaintiff, Sarah E. Oryszak. As the defendant has explained in his initial memorandum in support of this motion, the decision whether to revoke a security clearance is committed by law to the discretion of the Executive Branch. This Court accordingly lacks jurisdiction to engage in the sort of review that the complaint seeks. The plaintiff disputes this conclusion in her opposition memorandum (Doc. 9), but she identifies no reason to depart from the well-settled rule prohibiting courts from second-guessing the Executive's security clearance determinations.

The President holds an inherent authority to classify and to control access to information bearing on national security, and that authority is derived directly from Article II of the Constitution, independent of any congressional grant of power.  *See Department of Navy v. Egan*, 484 U.S. 518, 527 (1988).  The determination whether a particular person should have access to sensitive information thus is committed by law to the discretion of the President and to the recipients of the President's delegated authority, such as the Secret Service.  In other words, these determinations are "committed to agency discretion by law," 5 U.S.C. § 701(a)(2), and no review of these determinations is available under the Administrative Procedure Act.  *See U.S. Information Agency v. Krc*, 905 F.2d 389, 396-97 (D.C. Cir. 1990); *see also Bennett v. Chertoff*, 425 F.3d 999, 1001 (D.C. Cir. 2005); *Ryan v. Reno*, 168 F.3d 520, 524 (D.C. Cir. 1999); *Boykin v. England*, 2003 WL 21788953, at *4 (D.D.C. July 16, 2003).

The plaintiff disputes this rule, asserting (Doc. 9 at 5) that *Egan* involved only the jurisdiction of the Merit Systems Protection Board (MSPB), and that it did not hold that security clearance determinations are committed to agency discretion by law.  To the contrary, the Court in *Egan* recognized that any "outside nonexpert body" – whether that body is the MSPB or a court – lacks the capacity to review the merits of the Executive's determinations as to which persons should have access to its sensitive information.  *See Egan*, 484 U.S. at 539.  In accordance with that holding, the courts have consistently recognized that APA review is unavailable for an Executive agency's security clearance

determinations.  *See, e.g., Weber v. United States*, 209 F.3d 756, 759-60 (D.C. Cir. 2000).[1]

The plaintiff argues that, even if APA review is unavailable, a court could hear a "colorable constitutional claim" arising from the denial or revocation of a security clearance.  (Doc. 9 at 6-7, citing *Webster v. Doe*, 486 U.S. 592 (1988)).  She, however, does not identify any particular constitutional claim that she seeks to raise, and the complaint does not attempt to plead any constitutional claim at all.  Given that her complaint solely seeks a review of the adequacy of the evidence supporting the agency's security clearance determination, it is doubtful that she could have identified a colorable constitutional claim even if she had attempted to do so.  *See Egan*, 484 U.S. at 528 ("It should be obvious that no one has a 'right' to a security clearance."); *see also Robinson v. Department of Homeland Security*, 498 F.3d 1361, 1364 (Fed. Cir. 2007) ("a federal employee does not have a liberty or property interest in access to classified information").

The plaintiff also cites to Federal Circuit authority, which she contends requires an Executive agency to provide notice of the reasons for its revocation of a security clearance.  (Doc. 9 at 8, citing *Cheney v. Department of Justice*, 479 F.3d 1343 (Fed. Cir. 2007); *King v. Alston*, 75 F.3d 657 (Fed. Cir. 1996)).  Those cases concerned the scope of

---

[1] The plaintiff asserts (Doc. 9 at 6) that APA review must be available, because the defendant has not argued that any statute that precludes review under 5 U.S.C. § 701(a)(1).  This argument is simply a *non sequitur*; as shown above, security clearance determinations are committed to agency discretion by law, and thus APA review is precluded pursuant to 5 U.S.C. § 701(a)(2), rather than Section 701(a)(1).

the MSPB's authority to review an agency's adverse employment action that is related to that agency's security clearance determination.  In both cases, the Federal Circuit followed *Egan* and held that both it and the MSPB are powerless to review the merits of an agency's denial or revocation of a security clearance.  *See Cheney*, 479 F.3d at 1351-52; *Alston*, 75 F.3d at 661-62.  The court reasoned, however, that it could review whether the agency had given an employee sufficient notice of the reasons for its security clearance determination, so long as it did not engage in the review, forbidden under *Egan*, of the merits of that determination.  In this case, the plaintiff does not seek review under the Civil Service Reform Act of her termination from federal employment, nor could she in this forum, and she does not assert that the Secret Service failed to provide her with notice of the reasons for the revocation of her security clearance.  (Indeed, she has affirmatively demonstrated, by including Attachments A and B to her opposition memorandum, that the agency did provide her with that notice.)  The plaintiff instead seeks a review solely of the merits of that revocation decision.[2]  As *Cheney* and *Alston* recognize, federal courts cannot second-guess the merits of an Executive agency's decision to revoke a security clearance.

      The plaintiff also argues that, even if security clearance determinations are committed to agency discretion by law under 5 U.S.C. § 701(a)(2), the APA still permits a court to review whether there has been "a patent abuse of that discretion." (Doc. 9 at

---

[2] There is therefore no occasion for this Court to consider whether *Cheney* or *Alston* were correctly decided.

8-9, citing *Scanwell Labs., Inc. v. Shaffer*, 424 F.2d 859 (D.C. Cir. 1970)).[3] That case concerned an agency's decision whether, and to whom, to award a contract. While such a determination ordinarily would be committed to an agency's discretion, *Scanwell* reasoned that an agency could itself establish standards through its regulations that would permit a review whether the agency had abused its discretion by violating those regulations. 424 F.2d at 874. That reasoning has no applicability here; it is well-settled that the Executive's determinations regarding access to sensitive national security information are committed entirely to its discretion. The plaintiff does not attempt to identify any statute or regulation that purports to limit that discretion, or that purports to create any judicially-manageable standards against which the exercise of that discretion may be judged. No such provision of law exists. Because these determinations are committed to agency discretion by law, no review is permissible under the APA as to whether the agency abused its discretion, "patently" or otherwise. *See Heckler v. Chaney*, 470 U.S. 821, 828-30 (1985).

In her complaint, the plaintiff solely asks this Court to review the substance of the Secret Service's decision to revoke her security clearance, and to determine, on the merits, whether the agency correctly decided to do so. She argues only that the agency lacked sufficient evidence to determine that her clearance should be revoked. (*See* Doc. 9

---

[3] *Scanwell* has been abrogated by statute, and accordingly APA review is no longer available for an agency's contract award determinations. *See Labat-Anderson, Inc. v. United States*, 346 F. Supp. 2d 145, 153 (D.D.C. 2004).

at 10.) It is well-settled, however, that federal courts are forbidden from reviewing the merits of Executive agencies' security clearance determinations. Because such determinations are committed by law to the discretion of the Executive, and not to the judicial branch, this Court lacks jurisdiction over the complaint.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss should be granted, and this action should be dismissed.

Dated: October 26, 2007            Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

   /s/ Joel McElvain
SUSAN K. RUDY, D.C. Bar # 369112
JOEL McELVAIN, D.C. Bar # 448431
U.S. Department of Justice
20 Massachusetts Avenue, N.W., Room 7130
Washington, D.C. 20001
Telephone:   (202) 514-2988
Facsimile:   (202) 616-8202
Email:       Joel.McElvain@usdoj.gov

Attorneys for the Defendant