IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SARAH E. ORYSZAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-01141 |
| | ) | |
| MARK SULLIVAN, Director, United States | ) | |
| Secret Service, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF
## HIS MOTION TO STAY DISCOVERY

The defendant, Mark Sullivan, the Director of the United States Secret Service, has

moved that this Court quash the discovery requests that the plaintiff, Sarah E. Oryszak,

has served upon him, and he also has moved that this Court stay any further discovery

while his motion to dismiss the complaint is pending.  (Doc. 6.)  In his initial

memorandum in support of this motion, the defendant showed that a stay of discovery is

appropriate for two reasons.  First, the pending motion to dismiss asserts that this Court

lacks jurisdiction over the complaint, and it is appropriate for the Court to resolve

jurisdictional matters before a case proceeds to discovery.  Second, the plaintiff's action

arises (if at all) only under the Administrative Procedure Act, and in such an action, extra-

record discovery is generally not permitted.  The plaintiff opposes the defendant's

motion, asserting that discovery is required under her theory of the case.  (Doc. 9.)  She

fails to explain why discovery is needed at this point in time, before this Court has the

opportunity to rule on the defendant's motion to dismiss, and before the defendant has the

opportunity to prepare and submit the administrative record (should his motion to dismiss be unsuccessful and should the Court direct the preparation of that record).

In her opposition memorandum, the plaintiff argues that she needs discovery to determine the reasons for the defendant's revocation of her security clearance. (Doc. 9 at 12.) She recognizes that the defendant has argued in his motion to dismiss that the revocation was "committed to agency discretion by law" under 5 U.S.C. § 701(a)(2). She reasons, however, that even in such a case this Court could review whether there is *no* evidence to support the agency's determination. She accordingly concludes that she may engage in discovery to determine whether there is *any* evidence in support of the agency's decision, even if the usual form of substantial evidence review under the APA would be unavailable. As the defendant has explained in his motion to dismiss, the plaintiff's view of the law is incorrect. No review, of any form, is permitted under the APA of the merits of an agency's security clearance determinations. *See Department of Navy v. Egan*, 484 U.S. 518, 527 (1988).

In any event, the plaintiff's argument fails to explain why discovery is needed at this point in the case. The defendant has argued that this Court lacks jurisdiction over the complaint. The defendant's motion to dismiss raises purely legal arguments; no factual development is required to assist the Court in determining whether the defendant's jurisdictional arguments are correct. Accordingly, this Court should stay discovery until such time as it has the opportunity to rule on the defendant's motion to dismiss.

- 2 -

The plaintiff also argues (Doc. 9 at 12-13) that the defendant's motion to dismiss is actually a motion for summary judgment, and that therefore she must be afforded an opportunity for discovery under Fed. R. Civ. P. 56(f).  The plaintiff does not even attempt to meet the requirements of Rule 56(f).  Moreover, her argument, again, misconceives the nature of the defendant's motion to dismiss.  The defendant has not relied on any disputed facts, or on any facts outside the pleadings, in support of his motion to dismiss.  Instead, the defendant has relied solely on the plaintiff's own characterization of her complaint; she states that she seeks only a review under the APA of the adequacy of the evidence supporting the defendant's decision to revoke her security clearance.  No such review is permissible under the APA.  *See, e.g., U.S. Information Agency v. Krc*, 905 F.2d 389, 396-97 (D.C. Cir. 1990).  This Court lacks jurisdiction to review the merits of the defendant's decision to revoke the plaintiff's security clearance, and no further factual development is required to determine that jurisdiction is lacking over this complaint.  Accordingly, it would be appropriate to stay discovery during the pendency of the defendant's motion to dismiss.

## Conclusion

For the foregoing reasons, the defendant respectfully requests that the Court quash the discovery requests that the plaintiff has served on him, and further respectfully

requests that the Court stay all discovery in this action pending the resolution of the

defendant's motion to dismiss the complaint.

Dated: October 26, 2007                    Respectfully submitted,

                                           PETER D. KEISLER
                                           Assistant Attorney General

                                           JEFFREY A. TAYLOR
                                           United States Attorney


                                              /s/ Joel McElvain
                                           SUSAN K. RUDY, D.C. Bar # 369112
                                           JOEL McELVAIN, D.C. Bar # 448431
                                           U.S. Department of Justice
                                           Civil Division, Federal Programs Branch
                                           20 Massachusetts Avenue, N.W., Room 7130
                                           Washington, D.C.  20001
                                           Telephone:    (202) 514-2988
                                           Facsimile:    (202) 616-8202
                                           Email:        Joel.McElvain@usdoj.gov

                                           Attorneys for the Defendant